## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARION ABRON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      10-1632** |
| **CLERK OF COURT, ET AL.** | **SECTION: "C" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c), 1915e(2), and 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.      Factual Background

The plaintiff, Darion Abron, is an inmate incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[1]  He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Clerk of Court, Deputy Clerks Rachel Sharpe and Mandy D. Rivers, Medical Nurse Julie Castjohn, District Attorney Walter P. Reed, Judge William J. Crain, and Judge Richard A. Swartz.  Abron requests that the Court release him from jail so that he can "search for legal representation," or alternatively for the Court to "overturn."[2]

---

[1]Rec. Doc. 1.

[2]*Id.* at p. 5.  Under a broad reading, the plaintiff presumably seeks for the Court to overturn his criminal charges.

Abron was convicted of distribution of a controlled substance on April 19, 2010.[3]  Prior to his conviction, Abron claims he was held in custody for 65 days before the District Attorney filed a bill of information on his drug charge.[4]  He also contends that a bill of information was not filed on his aggravated incest charge for 111 days.[5]  Under a broad reading, Abron alleges that the District Attorney did not show cause for its failure to file a bill of information on each of these charges within the first 60 days.

Abron further alleges that his blood pressure was checked upon arrival to St. Tammany Parish Jail on December 23, 2009 and had a reading of 144/107.[6]  Abron claims that according to their stress test, these results were borderline of a stroke.  However, he alleges that he did not receive any medicine for his high blood pressure.[7]

## II.    Standard of Review

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

[3]*Id.* at p. 25.

[4]Abron only provided documentation confirming a conviction for distribution of a controlled substance. Presumably, this conviction is in reference to the drug charge he mentions in his complaint.

[5]The plaintiff did not specify in his complaint whether he was convicted of aggravated incest.

[6]The plaintiff does not specify who checked his blood pressure.

[7]Rec. Doc. 1, p. 5.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   Improper Defendants[8]

Under a broad reading, Abron challenges the validity of his criminal prosecution as untimely. Abron alleges that a bill of information was untimely filed on both his drug charge and his aggravated incest charge.[9] His complaint indicates that he was convicted of the drug charge on April

---

[8]The Court considered the applicable *Heck* doctrine since the plaintiff's claims presumably imply the invalidity of his present confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (claims under § 1983 are barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or the plaintiff's present confinement). However, issues of immunity and improperly named defendants must be considered as an initial matter prior to applying *Heck*. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

[9]Rec. Doc. 1, p. 5.

19, 2010.[10]   However, it is unclear whether Abron was ever convicted of the aggravated incest charge.   Nonetheless, Abron has failed to name a proper defendant with respect to these claims.

### 1.   **Walter P. Reed**

Under a broad reading, Abron names District Attorney Walter P. Reed as a defendant because of his role in allegedly filing an untimely bill of information.   However, Reed is immune from suit under § 1983.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability.   Such officials include prosecutors in the performance of their official functions.   *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).   In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case."   *Mays*, 97 F.3d at 110.   In other words, immunity attaches to particular official functions, not to particular offices.   *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial.   *Burns v. Reed*, 500 U.S. 478, 492 (1991).   Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court.   *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

---

[10]*Id.* at p. 25.

Abron's claims against Reed are intimately associated with the judicial phase of the criminal process.  His challenge relates to the prosecution of the case itself.  Reed is thus entitled to absolute immunity.  The claims against Reed must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

Furthermore, suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, that is the Parish of St. Tammany.  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[11] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985).  The District Attorney, as a representative of St. Tammany Parish, could be liable under § 1983 only if his actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Abron would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Abron, however, has not asserted that Reed's actions were the result of an unconstitutional policy or custom of St. Tammany Parish as contemplated by *Monell*.  Thus, Abron's § 1983 claims against Reed in his official capacity are also frivolous.

**2.      Judge William J. Crain and Judge Richard A. Swartz**

---

[11]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State.  Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*.

Abron named Judge William J. Crain and Judge Richard A. Swartz as defendants in this action.  Under a broad reading, it appears he has named them as defendants because of their roles in presiding over his criminal proceedings.  However, they are immune from suit.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings.  *Mays,* 97 F.3d at 110-11.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983 (2006).  Thus, injunctive relief is not available against a judge in his role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, No. 00-0244, 2001 WL 363486 (2d Cir. Apr. 11, 2001) (unpub.); *Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to § 1983 would limit the relief available from a judge to declaratory relief).  Injunctive relief, that is relief from the

state court orders, therefore is not available to the plaintiff in this § 1983 action against Judge William J. Crain and Judge Richard A. Swartz. *See Tesmer v. Granholm*, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); *Nollet*, 83 F. Supp.2d at 210.

To the extent that Abron intended to name Judge William J. Crain and Judge Richard A. Swartz in their official capacities, neither of them are considered a "person" for purposes of § 1983. *Will*, 491 U.S. at 58.  Instead, a suit against either judge in their official capacities would be considered a suit against the State of Louisiana. *Id.* at 71.  In that regard, the Eleventh Amendment forbids federal courts from entertaining a suit brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).  However, the State of Louisiana has not done so in this case.  To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(a) (2008).

Consequently, the doctrine of absolute judicial immunity bars Abron's suit for injunctive relief against Judge William J. Crain and Judge Richard A. Swartz.  His claims against these defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### 3.      Clerk of Court, Rachel Sharpe, and Mandy D. Rivers

Abron also named the Clerk of Court, Deputy Clerk Rachel Sharpe, and Deputy Clerk Mandy D. Rivers as defendants in this case.  However, he has failed to allege any action or inaction by any of these defendants or mention them at all in the content of his claims.  He has therefore failed to state a violation of a constitutional right by these defendants or any basis for their alleged liability under § 1983.  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police.*, 491 U.S. 58 (1989).

Nonetheless, these defendants are immune from suits of this nature.  The role of the Clerk of Court and deputy clerks as it pertains to legal correspondence or filing a bill of information is incumbent upon directions from the presiding judge.  In complying with the instructions of the judicial officer, the Clerk of Court and deputy clerks would be assisting him or her in carrying out their judicial functions through the orders issued by the judge.  Thus, they are entitled to the shield of absolute immunity with respect to any claim for monetary damages or injunctive relief.  *See Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991); *see also Johnson v. Graves*, No. 92-3586, 1993 WL 82323 (5th Cir. Mar. 18, 1993).  This is because a court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).  To give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable.  *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

For these reasons, the Clerk of Court, Deputy Clerk Rachel Sharpe, and Deputy Clerk Mandy D. Rivers are entitled to absolute immunity for their roles, if any, as it relates to Abron's complaint.

The claims against these defendants should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

B.   **Nurse Julie Castjohn**

Abron also named Medical Nurse Julie Castjohn as a defendant.  Abron claims that his blood pressure was checked when he arrived to St. Tammany Parish Jail.[12]  He alleges that the results indicated he was borderline of a stroke.  Abron asserts that despite these results, he did not receive medication at the time.  Under a broad reading, he is holding Nurse Julie Castjohn responsible for providing him inadequate medical care.

The standard of conduct imposed on defendants with respect to medical care of inmates was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976).  In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment.  *Id.* at 104.  This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs.  It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  *Id*.

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Further, disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Therefore, inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, while malpractice

---

[12]*See* Footnote 6.

or negligent care does not. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action"); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983" (emphasis added)); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

*Willis v. Catahoula Correctional Center* similarly involved a plaintiff alleging inadequate medical care after the Catahoula Correctional Center deprived him of blood pressure medication. 2010 WL 2710405 (W.D. La. 2010). The plaintiff claimed that he was examined by a nurse but was not provided, *inter alia*, medication to control his blood pressure levels. *Id.* at *2. He further claimed that he requested treatment for high blood pressure on several occasions but his requests were denied. *Id.* The court noted that a delay in medical care cannot rise to an Eighth Amendment violation unless there has been deliberate indifference *resulting in substantial harm*. *Id.* at *5 (citing *Mendoza*, 989 F.2d at 195).[13] The plaintiff did not allege any injuries resulting from the failure to provide medication. The court dismissed the plaintiff's claim, finding that the plaintiff's allegations did not amount to deliberate indifference to a serious medical need and were "purely speculative and conclusory." *Id.*

In this case, Abron failed to allege facts sufficient to establish that the defendant knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Abron concedes that he received medical care insofar as having his blood pressure checked. Abron also received results indicating that his blood pressure readings were allegedly borderline of a stroke. However, Abron does not allege having suffered any harm

---

[13]The plaintiff in *Willis* did not specify there being a delay in medical care, but rather that he did not receive the treatment sought altogether. Nonetheless, the court applied the *Mendoza* rationale in reaching its conclusion.

associated with not receiving blood pressure medication.[14]  He is simply unsatisfied that he did not receive medication following his blood pressure results.  Absent any injuries resulting from the failure to provide medication, such disagreement with medical treatment does not meet the stringent "deliberate indifference" standard and is thus inadequate to satisfy a claim for Eighth Amendment deliberate indifference to medical needs.  Therefore, Abron's claims are frivolous and should be dismissed pursuant to § 1915(e), § 1915A, and § 1997e.

## IV.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Abron's § 1983 claims against the defendants, District Attorney Walter P. Reed, Judge William J. Crain, Judge Richard A. Swartz, Clerk of Court, Deputy Clerk Rachel Sharpe, Deputy Clerk Mandy D. Rivers, and Nurse Julie Castjohn, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e), § 1915A, and § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[14]*See Id.*  The facts from Abron's complaint indicate that he did not receive medication at any point as opposed to there being a delay in treatment.  Contrary to *Willis*, Abron does not state whether he even requested medication for his blood pressure levels.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[15]

New Orleans, Louisiana, this 5th day of August, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[15]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.